IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORAPAJITA ABNEY, Individually
and as Personal Representative of the
Wrongful Death of Bill Dee Abney,

    Plaintiffs,

v.

PHILIP MORRIS USA INC.,
ALTRIA GROUP DISTRIBUTION
COMPANY, RJ REYNOLDS
TOBACCO COMPANY, Individually
and as Successor by Merger to
Lorillard Tobacco Company, and
LIGGETT GROUP LLC,

    Defendants.

Case No. 2:23-cv-01136-MIS-GJF

## ORDER GRANTING ALTRIA GROUP DISTRIBUTION COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**THIS MATTER** is before the Court on Defendant Altria Group Distribution Company's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 13, filed December 27, 2023. Plaintiff did not file a response. Upon review of the Motion, the record, and the relevant law, the Court will **GRANT** the Motion to Dismiss.

    **I.**    **Background**

On November 27, 2023, Plaintiff Orapajita Abney ("Mrs. Abney"), individually and as Personal Representative of the Wrongful Death of Bill Dee Abney, filed a Complaint for Wrongful Death in the Twelfth Judicial District Court in Otero County, New Mexico. ECF No. 1-1. The Complaint alleges that on November 26, 2020, Bill Dee Abney (the "Decedent") died of lung cancer which "was caused by smoking Marlboro Red cigarettes for most of his life, which were

designed, manufactured, advertised, marketed, distributed and/or sold by Defendants." Id. ¶ 9. It further alleges that Defendant Altria Group Distribution Company ("Altria")

> is authorized to do and/or doing business within the jurisdiction of this Court, duly organized, created and existing under and by virtue of the laws of Virginia with its principal place of business in the State of Virginia that conducts business in the State of New Mexico and did so during several times relevant to this action. Several times material to this cause of action, said Defendant engaged in the design, manufacture, advertisement, marketing, distribution and/or sale of the cigarette products. . . .

Id. ¶ 6.

The Complaint alleges New Mexico state law causes of action for (1) negligence, id. ¶¶ 156-69, (2) strict liability, id. ¶¶ 170-80, (3) fraudulent concealment, id. ¶¶ 181-96, (4) conspiracy to commit fraudulent concealment, id. ¶¶ 197-206, (5) fraudulent misrepresentation, id. ¶¶ 207-20, (6) conspiracy to commit fraudulent misrepresentation, id. ¶¶ 221-28, and (7) wrongful death, id. ¶¶ 229-34.

On December 20, 2023, Defendants removed the case to federal court on the basis of diversity of citizenship. ECF No. 1 ("Notice of Removal") ¶¶ 10-27. The Notice of Removal's Certificate of Service states that it was served upon Plaintiff's counsel, John Adam Chavez, by electronic mail at ac@chavezforbes.com, id. at 11, which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF No. 1-1 at 63-64. The same day, Defendants filed a Notice to Plaintiff of Filing Notice of Removal stating that "Defendants served a copy of the Notice of Removal contemporaneously with this Notice." ECF No. 4.

On December 27, 2023, Altria filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 13. The Motion's Certificate of Service indicates that it was served upon Plaintiff's counsel by electronic mail at two email addresses: (1) ac@chavezforbes.com, see id. at 9, which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF

2

No. 1-1 at 63-64, and (2) adam@chavez.com, ECF No. 13 at 9, which is the email address listed for Mr. Chavez on the Alabama State Bar's website, see https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024), and the email address listed on http://www.adamchavezlaw.com/contact.html (last visited Mar. 1, 2024), which is the website listed for Mr. Chavez on the Alabama State Bar's website, see https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024).

To date, Plaintiff has not entered an appearance in this Court, and has not responded to Altria's Motion to Dismiss.

On February 21, 2024, the Court issued an Order instructing Defendants "to file proof that Defendants served Plaintiffs' counsel with the Notice of Removal and a copy of the state court's docket reflecting that Defendants provided the state court with the Notice of Removal." ECF No. 26.  On February 23, 2023, Defendants filed Proof of Service of Notice of Removal, ECF No. 27, and attached as Exhibits: (1) an email dated December 20, 2023 from Defendants' paralegal to ac@chavezforbes.com and adam@chavez.com that provided Mr. Chavez with the Case Number for this federal removal action and also included the Notice of Removal as an attachment, ECF No. 27-1 at 1; (2) an e-service receipt showing that Defendants e-filed the Notice of Removal with the state court on December 20, 2023, ECF No. 27-1 at 2-4; and (3) a copy of the state court's docket showing that the Notice of Removal was filed with the state court on December 20, 2023, ECF No. 27-2.

II.     **Legal Standard**

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or

3

relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471–72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). "Jurisdiction of the district court over a nonresident defendant in a suit based on diversity is determined by the law of the forum state." Wenz v. Memery Crystal, 55 F.3d 1503, 1506 (10th Cir. 1995) (citations omitted). The Court must "initially determine whether the exercise of jurisdiction is sanctioned by the [New Mexico] long-arm statute, which is a question of state law, . . . and then determine whether the exercise of jurisdiction comports with the due process requirements of the Constitution." Id. at 1506-07 (citations omitted).

New Mexico's long-arm statute "is coextensive with constitutional limitations imposed by the Due Process Clause." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (citing Tercero v. Roman Catholic Diocese, 48 P.3d 50, 54 (N.M. 2002)). "Thus, if jurisdiction is consistent with the Due Process Clause, then New Mexico's long-arm statute authorizes jurisdiction over a nonresident defendant." Id.

Exercising jurisdiction over a nonresident defendant comports with the Due Process Clause "if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923 (2011) (quoting Int'l Shoe, 326 U.S. at 316).

"Depending on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." Old Republic Ins. Co. v. Cont'l Motors, Inc., 877 F.3d 895, 903 (10th Cir. 2017). "General personal jurisdiction means that a court may exercise jurisdiction over an out-of-state party for all purposes." Id. "'A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the

4

State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" Id. (quoting Goodyear, 564 U.S. at 919). "'Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.'" Id. (quoting Benton v. Cameco Corp., 375 F.3d 1070, 1080 (10th Cir. 2004)). "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." BNSF Ry. Co. v. Tyrrell, 581 U.S. 402, 413 (2017) (quoting Daimler AG v. Bauman, 571 U.S. 117, 127 (2014)). "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" Id. (quoting Daimler, 571 U.S. at 139 n.19).

"Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." Old Republic, 877 F.3d at 904. "Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King, 471 U.S. at 476-77). "The minimum contacts necessary for specific personal jurisdiction may be established where 'the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum.'" Trujillo, 465 F.3d at 1218 (quoting In re Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles, 87 F.3d 413, 418 (10th Cir. 1996) (quoting Burger King, 471 U.S. at 472)). "Purposeful direction" requires "(1) an intentional action; (2) expressly aimed at the forum state;

5

and (3) with knowledge that the brunt of the injury would be felt in the forum state." Dental Dynamics, LLC v. Jolly Dental Grp., LLC, 946 F.3d 1223, 1231 (10th Cir. 2020).

"'The Plaintiff bears the burden of establishing personal jurisdiction over the defendant.'" OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988)). "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (citation omitted). The court accepts as true all well-pleaded facts (that are plausible, non-conclusory, and non-speculative) alleged by the plaintiff unless the defendant controverts those facts by affidavit. Shrader v. Biddinger, 633 F.3d 1235, 1248 (10th Cir. 2011). If the defendant controverts facts in the complaint, the plaintiff may make the required showing by coming forward with facts, via affidavit or other written materials, that would support jurisdiction. See id.; see also OMI Holdings, 149 F.3d at 1091 ("The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."). The Court resolves factual disputes in the parties' affidavits in the plaintiff's favor. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008).

### III. Discussion

Initially, although Plaintiff's counsel has not entered an appearance in this removal action or responded to Altria's Motion to Dismiss, the Court is satisfied that Plaintiff's counsel has notice of this action and of Altria's Motion. In response to the Court's Order of February 21, 2024, ECF No. 26, Defendants filed an email dated December 20, 2023 from Defendants' paralegal to Plaintiff's counsel, John Adam Chavez, that provided Mr. Chavez with the Case Number for this

6

federal removal action and also included the Notice of Removal as an attachment. ECF No. 27-1 at 1. The email was sent to ac@chavezforbes.com, see id., which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF No. 1-1 at 63-64, and adam@chavez.com, ECF No. 27-1 at 1, which is the email address listed for Mr. Chavez on the Alabama State Bar's website, see https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024), and the email address listed on http://www.adamchavezlaw.com/contact.html (last visited Mar. 1, 2024), which is the website listed for Mr. Chavez on the Alabama State Bar's website, see https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024). Defendants have also submitted an e-service receipt showing that Defendants e-filed the Notice of Removal with the state court on December 20, 2023, ECF No. 27-1 at 2-4, and a copy of the state court's docket showing that the Notice of Removal was filed with the state court on December 20, 2023, ECF No. 27-2. Additionally, the Certificate of Service for Altria's Motion to Dismiss certifies that it was served upon Plaintiff's counsel by electronic mail at ac@chavezforbes.com and adam@chavez.com. ECF No. 13 at 9. As such, the Court deems Plaintiff's failure to appear and respond to Altria's Motion to be intentional.

Pursuant to the Local Rules of this Court, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Although the Tenth Circuit Court of Appeals has held that "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response[,]'" Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003) (emphasis added) (quoting Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002)), the Court has not found any binding authority holding that a district court may not grant a motion to dismiss for

lack of personal jurisdiction pursuant to a court's local rules for the plaintiff's failure to respond to the motion. Accordingly, pursuant to Local Rule 7.1(b), the Court grants Altria's Motion, given Plaintiff's failure to file a response.

Alternatively, the Court grants Altria's Motion on the merits. Altria argues that the Court lacks general personal jurisdiction over it because "Plaintiff has not alleged (nor could she) that New Mexico is [Altria's] state of incorporation, headquarters, or principal place of business." ECF No. 13 at 4. "Rather, Plaintiff's Complaint correctly asserts that [Altria] was created under the laws of Virginia and that its principal place of business is in Virginia." Id. (citing Compl. (ECF No. 1-1) ¶ 6; Aff. of Jessica Pierucki ("Pierucki Aff."), ECF No. 13-1). Altria further argues that the Court lacks specific personal jurisdiction over it because Plaintiff "has not alleged any specific activities that [Altria] has directed at New Mexico as it relates to Plaintiff's claims." Id. at 5. Altria argues that to the extent the Complaint alleges that "Defendants" purposefully directed actions at New Mexico, those claims cannot satisfy personal jurisdiction over Altria. Id. at 6. It cites the Affidavit of Jessica Pierucki, see id. at 6-7, Altria's Vice President of Sales Infrastructure & Trade Marketing, who avers, inter alia, that Altria "does not manufacture or sell cigarettes and never has manufactured or sold cigarettes[,]" ECF No. 13-1 ¶ 6, and "does not make any public statements about the health effects, safety, or addictive nature of smoking cigarettes and never has made such statements[,]" id. ¶ 7.

As previously discussed, Plaintiff did not respond to Altria's Motion to Dismiss or provide evidence controverting Ms. Pierucki's assertions.

The Court first finds that it lacks general personal jurisdiction over Altria because the Complaint does not plausibly allege, and Plaintiff has provided no evidence that, Altria's "affiliations with [New Mexico] are so 'continuous and systematic' as to render them essentially

8

at home in [New Mexico].'" Old Republic, 877 F.3d at 904 (quoting Goodyear, 564 U.S. at 919). Plaintiff has not, for example, alleged or proven that Altria's place of incorporation or principal place of business is New Mexico, BNSF, 581 U.S. at 413 (quoting Daimler, 571 U.S. at 127), or that Altria's operations in New Mexico are otherwise so substantial and of such a nature as to render it at home here, id. (quoting Daimler, 571 U.S. at 139 n.19). To the contrary, the Complaint alleges, and Ms. Pierucki's Affidavit confirms, that Altria was "organized, created and exist[s] under and by virtue of the laws of Virginia with its principal place of business in the State of Virginia . . . ." Compl. (ECF No. 1-1) ¶ 6; see also Pierucki Aff. ¶ 3 ("[Altria] is a Virginia corporation. Its principle [sic] place of business is in Virginia at 6601 West Broad Street, Richmond, VA 23230."); id. ¶ 4 ("[Altria] was incorporated under the laws of Virginia on February 6, 2009."). As such, the Court lacks general personal jurisdiction over Altria.

The Court further finds that it lacks specific personal jurisdiction over Altria because the Complaint does not plausibly allege, and Plaintiff has provided no evidence that, Altria "has 'purposefully directed' its activities toward [New Mexico] and . . . the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum.'" Trujillo, 465 F.3d at 1218 (quoting Knowles, 87 F.3d at 418). That is, Plaintiff has not alleged or established that Altria took (1) an intentional action, (2) expressly aimed at New Mexico, and (3) with knowledge that the brunt of the injury would be felt in New Mexico. See Dental Dynamics, 946 F.3d at 1231.

The Complaint's only allegation directed solely at Altria appears in the "PARTIES, VENUE, AND JURISDICTION" section, and alleges that Altria "conducts business in the state of New Mexico and did so during several times relevant to this action." Compl. ¶ 6. It further alleges that at "[s]everal times material to this cause of action, said Defendant engaged in the design,

9

manufacture, advertisement, marketing, distribution and/or sale of the cigarette products." Id. These allegations do not plausibly allege that Altria took (1) an intentional action, (2) expressly aimed at New Mexico, and (3) with knowledge that the brunt of the injury would be felt in New Mexico. See Dental Dynamics, 946 F.3d at 1231. Rather, these allegations are vague and conclusory; therefore, they are not entitled to the presumption of truth and do not establish a prima facie case of personal jurisdiction over Altria. See Shrader, 633 F.3d at 1248; Dudnikov, 514 F.3d at 1070.

The only other allegations leveled against Altria group it collectively with Philip Morris or, more broadly, "Defendants." For example, the Complaint alleges that Philip Morris and Altria "designed, manufactured, advertised, marketed, distributed, and sold cigarette products that, when used as intended, were highly likely to create addiction, habituation, and dependence in foreseeable users, like the Decedent." ECF No. 1-1 ¶ 18. "This resulted in users' inability to cease or limit their chronic use." Id. See also id. ¶ 157 ("The Defendants, Philip Morris USA, Inc., and Altria Group Distribution Company are responsible for designing, manufacturing, advertising, and distributing Marlboro red [sic] cigarettes, which were used regularly on a daily basis by the deceased."). It also alleges that "Defendants, through their agents and representatives, conducted business within the state and exposed the Decedent to hazardous cigarette products without adequate warnings or precautions." Id. ¶ 14. "This negligence resulted in illnesses, including COPD, and lung cancer, ultimately the direct cause of Decedent's death." Id. "These actions occurred both within and outside of New Mexico but had direct consequences within the state, justifying this Court's jurisdiction under New Mexico law for the Plaintiff's claim." Id.

These allegations are insufficient to establish personal jurisdiction over Altria for at least two reasons. First, they constitute group pleading, which is insufficient to establish personal

jurisdiction over a particular defendant.  See Goodwin v. Bruggeman-Hatch, Civil Action No. 13–cv–02973–REB–MEH, 2014 WL 4243822, at *1 (D. Colo. Aug. 27, 2014) ("Plaintiff's sweeping, undifferentiated references to groups of defendants (or even more globally to 'defendants' generally) are insufficient to . . . establish personal jurisdiction under this (or any) theory."); see also In re Aegean Marine Petroleum Network, Inc. Secs. Litig., 529 F. Supp. 3d 111, 135 (S.D.N.Y. 2021) ("To allege personal jurisdiction over a defendant, group pleading is not permitted.  Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant."); Zobay v. MTN Grp. Ltd., __ F. Supp. 3d __, 2023 WL 6304961, at *10 (E.D.N.Y. Sept. 28, 2023) (same); Truinject Corp. v. Nestle Skin Health, S.A., C.A. No. 19-592-LPS-JLH, 2020 WL 1270916, at *3 (D. Del. Mar. 17, 2020) (finding that the plaintiff's "group pleading has resulted in a complaint that fails to meet its burden to allege sufficient facts to establish that this Court may properly exercise personal jurisdiction over" the defendant); Peeples v. Caroline Container, LLC, CIVIL ACTION FILE NO. 4:19-CV-00021-HLM, 2019 WL 12338070, at *6 n.3 (N.D. Ga. Apr. 3, 2019) ("Plaintiff's 'group pleading' methods are not an acceptable way to establish personal jurisdiction over multiple defendants at once."); Broidy Cap. Mgmt., LLC v. Qatar, Case No. CV 18-2421-JFW(Ex), 2018 WL 9943551, at *9 (C.D. Cal. Aug. 22, 2018) (finding that the plaintiff's reliance "on group pleading and conclusory allegations" were "insufficient to establish personal jurisdiction").

     Second, the group allegations do not plausibly allege that Altria took (1) an intentional action, (2) expressly aimed at New Mexico, (3) with knowledge that the brunt of the injury would be felt in New Mexico.  See Dental Dynamics, 946 F.3d at 1231.  Rather, these allegations are vague and conclusory; therefore, they are not entitled to the presumption of truth and do not establish a prima facie case of personal jurisdiction over Altria.  See Shrader, 633 F.3d at 1248;

Dudnikov, 514 F.3d at 1070.  Even if the group allegations could establish a prima facie case of personal jurisdiction, the Complaint's allegations are controverted by Ms. Pierucki's Affidavit, which avers that Altria "does not manufacture or sell cigarettes and never has manufactured or sold cigarettes[,]" and "does not make any public statements about the health effects, safety, or addictive nature of smoking cigarettes and never has made such statements."  ECF No. 13-1 ¶¶ 6-7.  Plaintiff, in turn, has not submitted any evidence that supports the exercise of jurisdiction over Altria.  Therefore, the Court finds that it lacks specific personal jurisdiction over Altria.  In re Royal Ahold N.V. Sex. & ERISA Litig., 351 F. Supp. 2d 334, 354 (D. Md. 2004) (finding that the court lacked specific personal jurisdiction over the defendant because although the plaintiffs included the defendant "in their broad group pleadings and allege that he acted as a control person, . . . they fail to note a single specific act taken by [the defendant] directed at the U.S.").

### IV.   Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Defendant Altria Group Distribution Company's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 13, is **GRANTED**; and

2. This case is **DISMISSED without prejudice** as to Defendant Altria Group Distribution Company for lack of personal jurisdiction.[1]

*(signature)*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court had personal jurisdiction over Altria, it would dismiss the case as to Altria as a sanction for failure to prosecute and/or comply with the Local Rules, as discussed in the Court's separate Order of Dismissal, filed contemporaneously herewith.