IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ORAPAJITA ABNEY, Individually
and as Personal Representative of the
Wrongful Death of Bill Dee Abney,

    Plaintiffs,

v.

PHILIP MORRIS USA INC.,
ALTRIA GROUP DISTRIBUTION
COMPANY, RJ REYNOLDS
TOBACCO COMPANY, Individually
and as Successor by Merger to
Lorillard Tobacco Company, and
LIGGETT GROUP LLC,

    Defendants.

Case No. 2:23-cv-01136-MIS-GJF

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS MATTER** is before the Court on a sua sponte review of the record. For the reasons that follow, the Court will dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) as a sanction for Plaintiff's failure to prosecute this action, and, alternatively, as a sanction for violating the Local Rules of the Court—specifically, for failing to respond to Defendants' Motion to Dismiss, in violation of Local Rule of Civil Procedure 7.4(a).

    **I.**    **Background**

On November 27, 2023, Plaintiff Orapajita Abney ("Mrs. Abney"), individually and as Personal Representative of the Wrongful Death of Bill Dee Abney, filed a Complaint for Wrongful Death in the Twelfth Judicial District Court in Otero County, New Mexico. ECF No. 1-1. The Complaint alleges that on November 26, 2020, Bill Dee Abney (the "Decedent") died of lung

cancer which "was caused by smoking Marlboro Red cigarettes for most of his life, which were designed, manufactured, advertised, marketed, distributed and/or sold by Defendants." Id. ¶ 9.

On December 20, 2023, Defendants removed the case to federal court on the basis of diversity of citizenship. ECF No. 1 ("Notice of Removal") ¶¶ 10-27. The Notice of Removal's Certificate of Service states that it was served upon Plaintiff's counsel, John Adam Chavez, by electronic mail at ac@chavezforbes.com, id. at 11, which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF No. 1-1 at 63-64. The same day, Defendants filed a Notice to Plaintiff of Filing Notice of Removal stating that "Defendants served a copy of the Notice of Removal contemporaneously with this Notice." ECF No. 4.

On December 27, 2023, Defendants Philip Morris USA, Inc., Altria Group Distribution Company, and RJ Reynolds Tobacco Company filed the instant Motion to Dismiss Plaintiff's Complaint, or Alternatively, Motion to Strike Certain Allegations and for More Definite Statement.[1] ECF No. 15. On December 28, 2023, Defendant Liggett Group LLC filed a Notice adopting and joining in the Motion. ECF No. 19. The Motion asserts that Mrs. Abney is not a real party in interest with the capacity to pursue a wrongful death claim on behalf of the Decedent's estate under New Mexico law, and that the Complaint fails to state a claim upon which relief can be granted. ECF No. 15 at 3-23.

The Motion's Certificate of Service indicates that it was served upon Plaintiff's counsel by electronic mail at two email addresses: (1) ac@chavezforbes.com, id. at 25, which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF No. 1-1 at 63-64, and (2) adam@chavez.com, ECF No. 15 at 25, which is the email address listed for Mr. Chavez on the

---

[1] Altria Group Distribution Company also filed a separate Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 13, which the Court grants by order entered contemporaneously herewith.

Alabama State Bar's website, <u>see</u> https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024), and the email address listed on http://www.adamchavezlaw.com/contact.html (last visited Mar. 1, 2024), which is the website listed for Mr. Chavez on the Alabama State Bar's website, <u>see</u> https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024).

To date, Plaintiff has not entered an appearance in this Court, and has not responded to Defendants' Motion to Dismiss.

On February 21, 2024, the Court issued an Order instructing Defendants "to file proof that Defendants served Plaintiffs' counsel with the Notice of Removal and a copy of the state court's docket reflecting that Defendants provided the state court with the Notice of Removal." ECF No. 26.  On February 23, 2023, Defendants filed Proof of Service of Notice of Removal, ECF No. 27, and attached as Exhibits: (1) an email dated December 20, 2023 from Defendants' paralegal to ac@chavezforbes.com and adam@chavez.com that provided Mr. Chavez with the Case Number for this federal removal action and also included the Notice of Removal as an attachment, ECF No. 27-1 at 1; (2) an e-service receipt showing that Defendants e-filed the Notice of Removal with the state court on December 20, 2023, ECF No. 27-1 at 2-4; and (3) a copy of the state court's docket showing that the Notice of Removal was filed with the state court on December 20, 2023, ECF No. 27-2.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 41(b), "[a] district court may dismiss an action sua sponte '[i]f the plaintiff fails to prosecute or to comply with these [procedural] rules or a court order.'" <u>Davis v. Miller</u>, 571 F.3d 1058, 1060 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b) and

3

citing Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Id. (citing Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1161-62 (10th Cir. 2007)). District courts should consider five factors before imposing dismissal as a sanction under Rule 41(b):

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Id. at 1061 (quoting Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).

Similarly, a district court may dismiss a case as a sanction for failure to comply with the relevant Local Rules of Civil Procedure. See Green v. Dorrell, 969 F.2d 915, 917-19 (10th Cir. 1992) (affirming dismissal as sanction for failure to comply with local rules of civil procedure). Pursuant to the Local Rules of Civil Procedure for the United States District Court for the District of New Mexico, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). Although the Local Rules provide that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion[,]" D.N.M.LR-Civ. 7.1(b), the Tenth Circuit has held that "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response[,]'" Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002)). "Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." Id. at 1178 (citations omitted). "Alternatively, '[a] district court undoubtably has discretion to sanction a party . . . for failing to

4

comply with local or federal procedural rules," and "[s]uch sanctions may include dismissing the party's case with prejudice or entering judgment against the party." Id. (quoting Reed, 312 F.3d at 1195). However, before a district court dismisses a complaint as a sanction, it must "perform an explicit analysis" of the following factors: "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Id. at 1177, 1178 (quoting Reed, 312 F.3d at 1195). "In addition, 'dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'" Id. at 1177 (quoting Reed, 312 F.3d at 1195).

### III.  Discussion

For the reasons that follow, the Court finds that dismissing Plaintiff's Complaint without prejudice is the proper sanction for Plaintiff's failure to prosecute this removal action, and for failure to respond to Defendants' Motion to Dismiss.

Defendants removed this case to federal court on December 20, 2023. ECF No. 1. The Notice of Removal's Certificate of Service states that the Notice of Removal was served upon Plaintiff's counsel, John Adam Chavez, by electronic mail at ac@chavezforbes.com, id. at 11, which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF No. 1-1 at 63-64. Additionally, in response to the Court's Order of February 21, 2024, ECF No. 26, Defendants submitted an email dated December 20, 2023 from Defendants' paralegal to Plaintiff's counsel, John Adam Chavez, that provided Mr. Chavez with the Case Number for this federal removal action and also included the Notice of Removal as an attachment. ECF No. 27-1 at 1. The email was sent to ac@chavezforbes.com, see id., which is the email address included in Mr. Chavez's signature block on the Complaint, see ECF No. 1-1 at 63-64, and

5

adam@chavez.com, ECF No. 27-1 at 1, which is the email address listed for Mr. Chavez on the Alabama State Bar's website, see https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024), and the email address listed on http://www.adamchavezlaw.com/contact.html (last visited Mar. 1, 2024), which is the website listed for Mr. Chavez on the Alabama State Bar's website, see https://members.alabar.org/Member_Portal/member_portal/member-search.aspx (last visited Mar. 1, 2024).  Defendants also submitted an e-service receipt showing that Defendants e-filed the Notice of Removal with the state court on December 20, 2023, ECF No. 27-1 at 2-4, and a copy of the state court's docket showing that the Notice of Removal was filed with the state court on December 20, 2023, ECF No. 27-2.

Defendants filed their Motion to Dismiss on December 27, 2024.  ECF No. 15.  The Motion's Certificate of Service certifies that it was served upon Plaintiff's counsel by electronic mail at both of Mr. Chavez's known email addresses, ac@chavezforbes.com and adam@chavez.com.  Id. at 25.

Consequently, the Court finds that Plaintiff has had notice of this federal removal action since December 20, 2023, and notice of Defendants' Motion to Dismiss since December 27, 2023.  See Russell v. Bac Home Loans Servicing, L.P., CIVIL NO. SA–14–CA–480–FB, 2014 WL 12489704, at *6 (W.D. Tex. Aug. 21, 2014) ("Although there is no evidence to show [plaintiff's counsel] received direct notice of the filing of the notice of the removal, [plaintiff's counsel] is deemed to have constructive notice of the removal through defendants' action of serving the notice of removal on plaintiff's 'attorney in charge' and the docketing of defendants' notice of removal by the state court . . . .").  The Court further finds that Plaintiff's failure to enter an appearance, prosecute this case, and respond to Defendants' Motion to Dismiss in the more than two months

since receiving notice constitutes intentional abandonment of the case. See Baum v. Dunmire Prop. Mgmt., Inc., Civil Action No. 21-cv-00964-CMA-NYW, 2022 WL 889097, at *7 (D. Colo. Mar. 25, 2022) (finding that when a motion to dismiss argues that a claim is subject to dismissal, "and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal") (internal quotation marks and citation omitted); see also In re Dallas Roadster, Ltd., 846 F.3d 112, 126 (5th Cir. 2017) (concluding that the plaintiff's failure to respond to the defendant's argument in a motion to dismiss that a claim was subject to dismissal constituted abandonment of that claim). The Court further finds that the relevant factors weigh in favor of a dismissal without prejudice under Rule 41(b) for failure to prosecute, and, alternatively, for failure to respond to Defendants' Motion to Dismiss in violation of Local Rule 7.4(a).

As to the first factor, the Court finds that any sanction short of dismissal will actually prejudice Defendants. Plaintiff's failure to appear and prosecute this action has deprived Defendants of the opportunity to conduct discovery and defend this action on the merits. As such, they are entitled to dismissal of the claims against them. See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) ("[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."); Williams v. Mortg. Elec. Registration Sys., Inc., Civil Action No. 11–cv–01059–PAB–KLM, 2011 WL 4973431, at *2 (D. Colo. Oct. 17, 2011) (finding that this factor weighed in favor of dismissal because the plaintiffs' failure to respond to the defendants' motion to dismiss "has interfered with defendants' attempt to resolve this action on the merits").

As to the second factor, the Court finds that dismissal will not interfere with the judicial process. To the contrary, dismissal will facilitate the judicial process by bringing closure to an

7

abandoned case. See Williams, 2011 WL 4973431, at *2 (finding that this factor weighed in favor of dismissal because the plaintiffs' failure to prosecute interfered with the judicial process).

As to the third factor, the Court has no way of knowing whether Mrs. Abney, Mr. Chavez, or both decided to abandon this case, as they have wholly failed to appear before the Court. However, the Court notes that Defendants' Motion to Dismiss argues that Mrs. Abney is not a real party in interest with the capacity to pursue a wrongful death claim on behalf of the Decedent's estate under New Mexico law. ECF No. 15 at 3-4. Specifically, Defendants argue that "New Mexico law unequivocally requires that every action under the Wrongful Death Act 'shall be brought by and in the name of the personal representative of the deceased person[,]'" id. at 3 (quoting N.M. Stat. Ann. § 41-2-3, and citing N.M. R. Civ. P. 1-017(b)), and "that a 'petition to appoint a personal representative may be brought before the wrongful death action is filed or with the wrongful death action itself[,]'" id. (citing N.M. Stat. Ann. § 41-2-3)). Defendants note that the Complaint indicates that a petition to appoint Mrs. Abney as the personal representative of the Decedent was not brought before this action was filed, or with this action. Id. (citing Compl. ¶ 1 ("ORAPAJITA ABNEY will be applying to this Court for appointment as personal representative of the wrongful death estate of BILL DEE ABNEY, deceased.") (emphasis added)). The state court's docket does not show that Mrs. Abney petitioned the state court to appoint her as the Decedent's representative. See ECF No. 27-2. Defendants argue that Plaintiff's failure to file a petition to appoint Mrs. Abney as the Decedent's personal representative before or with the wrongful death action renders this action a nullity. ECF No. 15 at 3. It is possible that Mrs. Abney abandoned this case because she agrees with Defendants that her failure to petition for appointment as the Decedent's personal representative renders this action a nullity. In such a scenario, Mrs. Abney could be considered "culpable" for the failure to prosecute. However, on the record before

8

it, the Court cannot determine whether or to what extent Mrs. Abney is culpable for Plaintiff's failure to prosecute.

As to the fourth factor, the Court has not warned Plaintiff in advance that the dismissal of this action would be a likely sanction for failure to prosecute. Nor could it, as Plaintiff has not entered an appearance and, therefore, is not receiving notice of the Court's Orders.

As to the fifth factor, the Court finds that any sanction short of dismissal would be ineffective given Plaintiff's abandonment of the case. See Taylor-Loper v. Sam's Club/Walmart Assocs., Inc., No. 5:22-CV-361-M, 2024 WL 413397, at *1 (E.D.N.C. Jan. 10, 2024), report and recommendation adopted, 2024 WL 407484 (E.D.N.C. Feb. 2, 2024) ("[T]he court finds that no less drastic sanction would be effective given Plaintiff's apparent abandonment of her case."); Cover v. J.P. Morgan Mortg. Acquisition Corp., Civil No. 1:22-CV-01283, 2023 WL 2198686, at *5 (M.D. Pa. Jan. 4, 2023), report and recommendation adopted, 2023 WL 3034822 (M.D. Pa. Feb. 2, 2023) (finding that "no sanction short of dismissal would be effective" where the plaintiff abandoned her case); Williams, 2011 WL 4973431, at *4 (finding no sanction short of dismissal would be effective where the plaintiffs failed to prosecute their case as evidence by, inter alia, their failure to respond to the defendants' motion to dismiss).

For these reasons, the Court finds that dismissal without prejudice is the appropriate sanction for Plaintiff's failure to prosecute this action in this Court after receiving the Notice of Removal, and for failure to respond to Defendants' Motion to Dismiss in violation of the Local Rules. See Green, 969 F.2d at 917 ("Although dismissal is indeed a drastic sanction, we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases….") (citations omitted); see also Thompson v. Wash. Metro. Area Transit Auth., Case No.: GJH-18-822, 2019 WL 5309627, at *2 (D. Md. Oct. 21, 2019) (dismissing case without prejudice as

9

sanction where the plaintiff had apparently "abandoned prosecution of this case"); Williams, 2011 WL 4973431, at *4 (dismissing case without prejudice pursuant to Rule 41(b) for failure to prosecute where the plaintiff failed to respond to the defendants' motion to dismiss and the court's orders).

### IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. This case is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and, alternatively, for failure to comply with the Local Rules of Civil Procedure;

2. All pending motions are denied as moot;

3. Final judgment will be entered separately; and

4. This case is now **CLOSED**.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE